UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                              :
LINDA D. WILSON,              :
                              :
      Plaintiff,              :
                              :
V.                            :   CASE NO. 3:04-CV-2037 (RNC)
                              :
LOWE'S HOME CENTER, INC.,     :
                              :
      Defendant.              :
```

RULING AND ORDER

This case presents questions of first impression regarding removal of an action containing a claim under Connecticut's Workers' Compensation Act.  Plaintiff, a former employee of the defendant, brought this action in Connecticut Superior Court alleging that the defendant had fired her in violation of the Act's antiretaliation provision, Conn. Gen. Stat. § 31-290a.[1]  In addition to the claim for retaliatory discharge, the complaint contained state law claims for defamation, negligent infliction of emotional distress, wrongful dissemination of personnel file information, and blacklisting, all predicated on the defendant's alleged statements to potential future employers of the plaintiff that she had been fired for falsifying a medical record.  No

---

[1]  Section 31-290a provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."

federal question was presented. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(a), alleging federal jurisdiction based on diversity of citizenship.

Pending for decision are two motions filed by the plaintiff. The first seeks an order remanding the action, in whole or in part, based on 28 U.S.C. § 1445(c), which prohibits removal of a civil action arising under the forum state's workers' compensation laws.[2]  Plaintiff's counsel undertook to file and serve this motion within 30 days after the case was removed in order to comply with the 30-day limitation for filing motions to remand for non-jurisdictional defects set forth in 28 U.S.C. § 1447(c).  The Clerk's Office returned the motion because the certificate of service was not signed.  By the time plaintiff's counsel received the motion, the 30-day period had expired.  In an effort to avoid a waiver of plaintiff's right to object to removal of the case, plaintiff's counsel promptly resubmitted the motion to remand along with a pleading entitled "Motion to Remand Nunc Pro Tunc," which asks the Court to treat the motion to remand as if it had been filed when it was received by the Clerk's Office in the first instance.  This request for a nunc pro tunc order is the second motion pending for decision.

Defendant opposes both motions.  It contends that plaintiff is barred from objecting to the case's removal because the motion

---

[2]  28 U.S.C. § 1445(c) provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

to remand was not actually filed within 30 days of removal as required by § 1447(c).  On the merits, defendant contends that plaintiff's retaliatory discharge claim does not arise under Connecticut's workers' compensation laws and is therefore beyond the scope of the antiremoval provision contained in § 1445(c). Defendant also contends that, in any event, the action was properly removed because the other claims satisfy the requirements for federal jurisdiction based on diversity of citizenship.

For reasons that follow, plaintiff's motion to remand is deemed to be timely filed, her retaliatory discharge claim is deemed to arise under the workers' compensation laws of Connecticut, and the entire action is remanded.

<u>Timeliness</u>

With regard to the issue of timeliness, 28 U.S.C. § 1447(c) provides that "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." The Second Circuit has said that, under § 1447(c), "all motions for remand -- except those based on lack of subject matter jurisdiction -- must be made within 30 days after removal or they are waived."  <u>Hamilton v. Aetna Life & Cas. Co.</u>, 5 F.3d 642, 643 (2d Cir. 1993)(per curiam).  Plaintiff does not dispute the applicability of this 30-day limitation.

The Second Circuit appears not to have decided whether removal of a claim in violation of § 1445(c) results in a defect

3

affecting subject matter jurisdiction, which must be addressed regardless of the passage of time, or a nonjurisdictional defect, which is waived unless a motion to remand is made within 30 days. Most courts and commentators agree, however, that under the current version of § 1447(c), removal of a case in violation of an anti-removal provision does not create a substantive jurisdictional defect if the case could have been brought in district court initially.  See Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002); Wiley v. United Parcel Serv., Inc., 11 Fed. Appx. 176, 178 (4th Cir. 2001).  It is undisputed that plaintiff could have filed her retaliatory discharge claim in this Court initially based on diversity jurisdiction.  See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352 (1961)(diversity jurisdiction statute permits workers' compensation claim to be filed in district court in the first instance).  I conclude, therefore, that plaintiff was required to object to the removal of the case within the 30 days provided by § 1447(c).

No motion to remand was actually filed within this 30-day period, as defendant points out.  As discussed above, however, plaintiff's motion to remand was received by the Clerk's Office for filing before the 30-day period expired.  The motion was returned unfiled only because it lacked a signed certificate of service.  Under Rule 5(e) of the Federal Rules of Civil Procedure, a motion submitted for filing may not be rejected by the Clerk's Office merely because it is not in proper form.

4

Failure to sign a certificate of service is considered to be a matter of form, at least when service is actually made. <u>See Russell v. City of Milwaukee</u>, 338 F.3d 662, 666 (7th Cir. 2003)(absence of certificate of service does not invalidate filing if service was made); <u>Ives v. Guilford Mills, Inc.</u>, 3 F. Supp. 2d 191, 194-95 (N.D.N.Y. 1998)(same).  It is undisputed that plaintiff's motion to remand was served on defendant's counsel the same day it was initially sent to the Clerk's Office for filing.  Thus, under Rule 5(e), the Clerk's Office had no authority to return the motion.

In these circumstances, plaintiff's motion to remand may be treated as though it had been filed within the 30-day period. <u>See</u> <u>Phoenix Global Ventures v. Phoenix Hotel Assocs.</u>, 422 F.3d 72 (2d Cir. 2005); <u>Thompson v. Colorado</u>, 60 Fed. Appx. 212, 213-14 (10th Cir. 2003); <u>Quach v. Cross</u>, No. CV 0309627GAFRZX, 2004 WL 2860345, at *5 (C.D. Cal. Apr. 7, 2004).  Treating the motion this way causes no unfair prejudice to the defendant. Accordingly, plaintiff's motion to remand is deemed to have been timely filed.[3]

---

[3]  If a judicial officer had ordered the Clerk's Office to refuse to accept plaintiff's motion due to the lack of a signed certificate of service, there would be no violation of Rule 5(e). In that case, it would be necessary to decide whether plaintiff's failure to submit a motion in proper form within the 30-day period resulted in a waiver of her statutory right to challenge the removal of her case.  That issue need not be addressed because there is no indication in the file or the docket sheet that the return of plaintiff's motion was authorized by a judicial officer.

Removability

Turning to the issue of removability, it is necessary to decide whether plaintiff's cause of action for retaliatory discharge should be deemed to arise under the workers' compensation laws of Connecticut for purposes of 28 U.S.C. § 1445(c).  The application of § 1445(c) to Connecticut state law is a question of federal law.  See Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000) ("Because section 1445 is a federal jurisdiction statute with nationwide application, federal law governs its interpretation.").  Defendant has the burden of demonstrating that the case was properly removed.  See United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").[4]

Section 1445(c) has generated numerous published decisions concerning the removability of retaliatory discharge claims brought by workers' compensation claimants in state courts, although none in Connecticut (or other states in the Second Circuit).  See 14C Charles Alan Wright et al., Federal Practice

_____

[4]  Consistent with this allocation of the burden of persuasion, it is often said that doubts about removability should be resolved in favor of the plaintiff.  See Somlyo v. J. Lu-Rob Enters., 932 F.2d 1043, 1045-46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.").

and Procedure: Jurisdiction § 3729, at 219-20 (3d ed. 1998).  The
decisions agree that the phrase "arising under" in § 1445(c) has
the same meaning as the identical phrase in the closely related
federal question statute, 28 U.S.C. § 1331, which provides that
the "district courts shall have original jurisdiction of all
civil actions arising under the Constitution, laws, or treaties
of the United States."  See, e.g., Harper v. Autoalliance Int'l,
Inc., 392 F.3d 195, 202-03 (6th Cir. 2004); Figueroa v.
Healthmark Partners, 125 F. Supp. 2d 209, 211 (S.D. Tex. 2000).
Under the latter statute, a case "arises under" federal law when
"a well-pleaded complaint establishes either that federal law
creates the cause of action or that the plaintiff's right to
relief necessarily depends on resolution of a substantial
question of federal law."  Franchise Tax Bd. v. Constr. Laborers
Vacation Trust, 463 U.S. 1, 27-28 (1983).

    Applying this test, courts have reached differing
conclusions on the issue of removability, depending primarily on
whether the plaintiff's cause of action for retaliatory discharge
was created by statute or case law.  Compare Reed, 206 F.3d at
1060-61 (plaintiff's claim arose under state's workers'
compensation laws for purposes of § 1445(c), and thus was not
removable, because retaliatory discharge cause of action was
provided by state statute enacted to enhance efficacy of overall
workers' compensation system by increasing workers' willingness
to file compensation claims and limiting employers' ability to
discourage them), Humphrey v. Sequentia, Inc., 58 F.3d 1238,

1245-46 (8th Cir. 1995) (retaliation claim arose under state's workers' compensation laws for purposes of § 1445(c) because it was brought pursuant to provision of state's workers' compensation act creating specific right of action), and Jones v. Roadway Express, Inc., 931 F.2d 1086, 1091-92 (5th Cir. 1991) (retaliation cause of action arose under state's workers' compensation laws for purposes of § 1445(c) because the cause of action was enacted "to safeguard [the state's] workers' compensation scheme"), with Spearman v. Exxon Coal USA, Inc., 16 F.3d 722, 725 (7th Cir. 1994) (court-created cause of action for retaliatory discharge did not arise under the state's workers' compensation laws for purposes of § 1445(c)).

In accordance with these cases, I conclude that plaintiff's retaliatory discharge claim arises under Connecticut's workers' compensation laws for purposes of § 1445(c).  Plaintiff's cause of action is explicitly created by § 31-290a, a provision of the Workers' Compensation Act.  Defendant emphasizes that the cause of action provided by the statute is derived from the tort cause of action for wrongful discharge in violation of public policy recognized in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980).  See Ford v. Blue Cross & Blue Shield, Inc., 216 Conn. 40, 52 (1990).  But the cause of action is nonetheless "statutorily created."  Id.  Moreover, § 31-290a does more than simply codify, in the context of workers' compensation, the cause of action for wrongful discharge recognized in Sheets.  It gives employees the option of bringing a civil action or administrative

proceeding.  In addition, it imposes "significant liability" on
violators by providing employees with "broad remedies" that go
beyond tort-type compensatory damages, including reinstatement,
back wages, attorneys' fees, costs, and punitive damages.
Genovese v. Gallo Wine Merchants, Inc., 226 Conn. 475, 487
(1993). This liability can be imposed on employers "only in an
action brought pursuant to § 31-290a." Id.; see also Burnham v.
Karl & Gelb, P.C., 252 Conn. 153, 162 (2000) (availability of
statutory cause of action precludes common law claim).  The
statute's extraordinary remedies underscore its importance as an
integral part of the modern workers' compensation scheme in
Connecticut.  See 27 H.R. Proc., Pt. 9, at 3192-93 (Conn. 1984)
(statement of Rep. Kiner) (stating that the purpose of § 31-290a
is to protect "employees who merely exercise their rights under
the workers' compensation act"); see also Genovese, 226 Conn. at
487 ("The creation of the substantive right to bring an action
for unjust dismissal, and the inclusion of . . . broad remedies,
indicate that the legislature intended that employees should be
able to enforce judicially their right to workers' compensation
benefits . . .."); Ford, 216 Conn. at 52 (observing that § 31-
290a is "obviously designed to protect claimants who file for
benefits under one of this century's most socially ameliorative
statutory programs").

     Defendant correctly observes that plaintiff's claim lacks
the basic features of a traditional workers' compensation claim
in that it is fault-based, seeks more than lost wages or medical

benefits, and depends primarily on defendant's motive for the adverse employment action at issue, rather than plaintiff's right to be compensated for a work-related injury.  Because plaintiff's retaliatory discharge claim differs from a traditional workers' compensation claim in these significant respects, it is likely that Congress did not have such a claim in mind when it enacted § 1445(c).[5]  As a number of courts of appeals have pointed out, however, the term "workmen's compensation laws" in § 1445(c) is unambiguous in that it plainly refers to laws establishing a scheme for compensating employees for work-related injuries by whatever means a state might choose.  See Harper, 392 F.3d at 208; Reed, 206 F.3d at 1060 & n.3; Humphrey, 58 F.3d at 1246.  Since the cause of action provided by § 31-290a is an integral part of Connecticut's scheme, it must be concluded that plaintiff's claim is within the scope of § 1445(c), even though the claim does differ substantially from the type of workers' compensation claim Congress was concerned about when the statute was enacted.[6]

_____

[5]    The legislative history shows that Congress was concerned about substantial increases in the workload of federal courts in several states, especially Texas and New Mexico, caused by removal of large numbers of workers' compensation cases from the state courts, and the resulting burden on injured workers, who were being denied the summary procedure provided by workers' compensation statutes for the prompt, inexpensive settlement of claims.  S. Rep. No. 85-1830 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3105-06.

[6]    In a similar vein, defendant also contends that plaintiff's retaliatory discharge claim should be deemed not to arise under Connecticut's workers' compensation laws because it can be adjudicated without resolving any substantial issue of

Remand

Because § 1445(c) prohibited removal of plaintiff's retaliation claim, it would seem to follow that the entire action must be remanded.  Defendant opposes a remand of the entire action, however, contending that the other claims in the complaint supported removal of the action, and that, at most, only the retaliation claim should be remanded.  In effect, defendant argues that plaintiff waived her right to litigate her retaliation claim in state court by pleading the other state law claims.  Defendant relies on 28 U.S.C. § 1441(a), which confers a general right to remove "any civil action" within the "original jurisdiction" of the district courts unless Congress has "otherwise expressly provided."

Whether this provision confers a right to remove an action in which a nonremovable claim is joined with otherwise removable diversity claims is an issue that has received remarkably little attention in judicial opinions, presumably because it is rarely raised in district courts and even more rarely presented to courts of appeals.  The issue focuses attention on the tension between a workers' compensation plaintiff's right to remain in state court, on the one hand, and, on the other, a nonresident employer's right to remove any action over which the district court would have had jurisdiction if the action had been filed

_____

workers' compensation law.  Under the disjunctive test commonly used to determine whether an action "arises under" a state's workers' compensation laws, however, it is sufficient that plaintiff's cause of action is created by § 30-290a.

there initially.  After careful consideration of the language,
structure, and history of the removal statutes, I conclude that §
1445(c)'s prohibition on removal of plaintiff's retaliation claim
served to prevent removal of the action under § 1441(a).

Analysis of this issue must begin with the language of
§ 1441(a), which states, "Except as otherwise expressly provided
by Act of Congress, any civil action brought in a State court of
which the district courts of the United States have original
jurisdiction may be removed . . . ."  The meaning of the words
"civil action" is reasonably clear.  The words are commonly
understood to refer to an entire case, as opposed to fewer than
all the claims in a case.  See Wis. Dep't of Corr. v. Schacht,
524 U.S. 381, 386 (1998)(referring to "the requirement that the
case be within the original jurisdiction of the district court
for removal").[7]  That this is the meaning of the words as they are
used in § 1441(a) is borne out by the history of the statute.  In
1948, the removal statutes were consolidated and revised in an
attempt to resolve ambiguities.  The reviser's notes explain
that, at that time, "[p]hrases such as 'in suits of a civil

_____

[7]     Language in a recent Supreme Court opinion suggests
that, at least in the context of 28 U.S.C. § 1367, the words
"civil action" could refer to individual claims.  See Exxon Mobil
Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2620-21 (2005)
("If the court has original jurisdiction over a single claim in
the complaint, it has original jurisdiction over a 'civil action'
within the meaning of § 1367, even if the civil action over which
it has jurisdiction comprises fewer claims than were included in
the complaint.").  For reasons discussed in the text, I conclude
that, in the context of the removal statutes, "civil action"
should be interpreted to refer to an entire case, rather than
individual claims.

nature, at law or in equity,' the words 'case,' 'cause,' 'suit,' and the like [were] omitted and the words 'civil action' were substituted in harmony with Rules 2 and 81(c) of the Federal Rules of Civil Procedure." Revision Notes, 28 U.S.C.A. § 1441. The reviser's reference to Rules 2 and 81(c) strengthens the conclusion that the words "civil action" in § 1441(a) mean an entire case: Rule 2 provides that "[t]here shall be one form of action to be known as 'civil action'"; and Rule 81(c) distinguishes between a "civil action" and a "claim" ("These rules apply to civil actions removed to the United States district courts . . . . In a removed action . . . the defendant shall answer . . . within 20 days after the receipt . . . of the initial pleading setting forth the claim for relief on which the action or proceeding is based.").  Indeed, 28 U.S.C. § 1441(c) similarly distinguishes between an "entire case" and a "claim" or "cause of action."

When the words "civil action" in § 1441(a) are construed to mean an "entire case," it becomes apparent that the statute operates at the level of a case, rather than a claim, permitting removal of an action only if the action in its entirety could be adjudicated in the district court.  On this reading of § 1441(a), an action containing a claim outside the original jurisdiction of the district court is not removable under this section, even if the action contains other claims within the district court's original jurisdiction.

The requirement that all claims in the state court action be

subject to adjudication in federal court in order for the action
to be removable under § 1441(a) is not directly at issue here.
As noted earlier, it is undisputed that all the claims in
plaintiff's complaint satisfy the requirements for jurisdiction
based on diversity of citizenship.  Since the action contains no
claim that could not be adjudicated in federal court, it was
removable under § 1441(a), unless removal was prohibited by
another statute.

Pursuant to the introductory clause of § 1441(a), Congress
has expressly prohibited removal of a wide range of actions
within the scope of federal subject matter jurisdiction,
including actions arising under federal law.  See, e.g., 15
U.S.C. § 77v(a) (prohibiting removal of cases arising under the
Securities Act of 1933); 28 U.S.C. § 1445(a)-(b) (prohibiting
removal of federal actions against railroads and carriers); 46
U.S.C. app. § 688(a) (making 28 U.S.C. § 1445(a) applicable to
seamen's claims).  These antiremoval provisions have been
described as providing plaintiffs with "a choice-of-forum
privilege."  Gonsalves v. Amoco Shipping Co., 733 F.2d 1020, 1022
(2d Cir. 1984).  The bar on removal of civil actions arising
under workers' compensation laws provided by § 1445(c) clearly
constitutes such an express exception to removability.

What needs to be determined, therefore, is whether
plaintiff's § 1445(c) choice-of-forum privilege to litigate her
retaliation claim in state court prevented removal of the action
under § 1441(a), notwithstanding the joinder of the other state

14

law claims, which would have been removable if sued on alone.

In considering this issue, the Second Circuit's opinion in Gonsalves is very helpful.  The plaintiff in that case was injured while working aboard the defendant's vessel.  His state court complaint included a negligence claim under the Jones Act and a claim for maintenance and cure.  Both claims could have been adjudicated in federal court, and thus the action was presumptively removable under § 1441(a), because the Jones Act claim arose under federal law and the maintenance and cure claim satisfied the requirements for diversity jurisdiction.  However, removal of the Jones Act claim was prohibited by 28 U.S.C. § 1445(a), an antiremoval provision much like § 1445(c).  The defendant removed the action, invoking both §§ 1441(a) and 1441(c).  At the time, the latter statute permitted removal of an entire case when a removable claim was joined with a nonremovable claim, provided the removable claim was "separate and independent."[8]  The plaintiff moved to remand pursuant to § 1445(a).  The motion to remand was denied, the case was tried to a jury, and a verdict was returned in favor of the defendant.

On appeal, the plaintiff argued that the action was

---

[8]  Prior to the Judicial Improvements Act of 1990, § 1441(c) provided that "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . . ."  28 U.S.C. § 1441(c) (1982).  The current version of the statute permits removal of an action containing nonremovable claims only if the action includes an unrelated, removable federal question claim.

improperly removed.  The Court of Appeals agreed, ultimately
holding that the maintenance and cure claim was not sufficiently
"separate and independent" from the Jones Act claim to permit
removal under § 1441(c).  Gonsalves, 733 F.2d at 1026; see Cal.
Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 99 (2d
Cir. 2004), cert. denied, 125 S. Ct. 862 (2005).  The Court did
not explicitly discuss whether the action was removable under §
1441(a), the other provision of the removal statute cited in the
removal petition.  The Court's decision makes it clear, however,
that the removal could not be sustained on that basis.

Gonsalves provides valuable guidance, which may be
summarized as follows:

- sections 1441(a) and (c) provide two separate grants of
  removal jurisdiction;

- section 1441(a) provides a general right to remove;

- the availability of removal under § 1441(a) is
  restricted by the antiremoval provisions in § 1445;

- claims covered by an antiremoval provision constitute
  "non-removable claims" within the meaning of § 1441(c);

- section 1441(c) grants additional removal jurisdiction to
  permit removal of actions containing nonremovable claims
  in certain circumstances; and

- removal of an action containing a nonremovable claim is
  prohibited except pursuant to § 1441(c).

See Gonsalves, 733 F.2d at 1022-23 (quoting U.S. Indus., Inc. v.
Gregg, 348 F. Supp. 1004, 1015 (D. Del. 1972), overruled on other

16

grounds by 540 F.2d 142 (3d Cir. 1976)).

Applying the removal statutes in accordance with Gonsalves leads to the conclusion that plaintiff's retaliation claim made this action nonremovable. Like the antiremoval provision at issue in Gonsalves, § 1445(c) constitutes an express exception to the grant of the general right of removal in § 1441(a). Removal of the action was therefore possible only pursuant to § 1441(c)'s additional grant of removal jurisdiction. Under the current version of § 1441(c), removal of an action containing a nonremovable claim, such as plaintiff's retaliation claim, is permissible only if the claim is joined with a "separate and independent" claim within the federal question jurisdiction conferred by 28 U.S.C. § 1331. See Cal. Pub. Employees' Ret. Sys., 368 F.3d at 105-06 n.18; H.R. Rep. No. 101-734, at 22-23 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6868-69; 14C Wright et al., supra, § 3724, at 8-9. Since plaintiff's complaint presented no federal claim, the action could not be removed. See Husk v. E.I. Du Pont de Nemours & Co., 842 F. Supp. 895, 897-98 & n.2 (S.D. W. Va. 1994) (holding that defendant could not remove plaintiff's action containing retaliation and other state law claims because § 1445(c) barred removal of the retaliation claim and § 1441(c) did not permit removal on the basis of diversity); Allsup v. Liberty Mut. Ins. Co., 782 F. Supp. 325, 327-28 (N.D. Tex. 1991) (stating the same, in dicta).[9]

_____

[9]   Because plaintiff's otherwise removable claims do not arise under federal law, it is unnecessary to determine whether they constitute "separate and independent claim[s] or cause[s] of

The conclusion that this action was not removable under §
1441(a) is further strengthened by Congress's most recent
revision of the removal statutes.  When Congress amended §
1441(c) in 1990, it confirmed that the provision would still
permit removal of federal claims that otherwise would not be
removable because of their joinder to nonremovable claims.  See
H.R. Rep. No. 101-734, at 22-23 (1990), reprinted in 1990
U.S.C.C.A.N. 6860, 6868-69:

> The amendment would, however, retain the opportunity
> for removal in the one situation in which it seems
> clearly desirable.  The joinder rules of many states
> permit a plaintiff to join completely unrelated claims
> in a single action.  The plaintiff could easily bring a
> single action on a federal claim and a completely
> unrelated state claim.  The reasons for permitting
> removal of federal question cases applies with full
> force.

Congress's retention of this supplemental grant of removal
jurisdiction for actions containing federal question claims and
unrelated state law claims would have been unnecessary if §
1441(a) itself permitted removal of any action containing a
federal question claim.[10]

---

action."

[10]   Claims that Congress has made nonremovable are distinct
from claims over which the federal court may lack jurisdiction
under the Eleventh Amendment.  The Supreme Court has held that
the presence of a claim potentially barred by the Eleventh
Amendment does not immunize an action from removal, partly
because the state may or may not assert the Eleventh Amendment as
a defense.  Schacht, 524 U.S. at 389.  By contrast, Congress has
expressly made workers' compensation claims nonremovable and,
although a plaintiff may waive the removal defect by failing to
plead it, see 28 U.S.C. § 1447(c), it is nonetheless a defect
that exists at the time of removal, one that can render the
entire action nonremovable.

In addition, reading the statutes to permit removal of this action pursuant to § 1441(a) would undermine the policies motivating § 1445(c).  The legislative history of § 1445(c) shows that Congress enacted the statute to serve two objectives. Congress's primary objective was to reduce the number of diversity cases in federal court by preventing removal of workers' compensation claims against nonresident employers.  At the same time, Congress wanted to relieve workers of the expense and delay associated with litigation in federal court.  See S. Rep. No. 85-1830 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3106; see also Horton, 367 U.S. at 351-52 (noting congressional concern for federal court congestion and potential burdens on workers' compensation plaintiffs if forced to litigate in federal courts); 14C Wright et al., supra, § 3729, at 215 (explaining that Congress sought to "limit[] the flow of these essentially local disputes into the federal courts").

Joining related state law claims to a workers' compensation claim, as in this case, does not change the nature of the action or make it more suitable for resolution in federal court.  It remains an essentially local dispute governed entirely by state law and, as such, particularly well-suited for resolution in state court.  Moreover, workers' compensation plaintiffs will often want to plead related state law claims, as the plaintiff has here.  If joining related state law claims waived the plaintiff's choice-of-forum privilege provided by Congress, plaintiffs would be left with two undesirable alternatives: plead

19

the workers' compensation claim only, or litigate in two separate forums.[11]  When claims are sufficiently related to constitute part of the same constitutional case or controversy, as appears to be the situation here, the most economical, efficient, and fair outcome is for the entire action to remain in state court. Accord Allsup, 782 F. Supp. at 328 ("It makes no sense to litigate this case in two lawsuits rather than one."); Hummel v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 749 F. Supp. 1023, 1030 (D. Haw. 1990) ("Since remand of plaintiff's non-removable retaliatory discharge claim is warranted, principles of judicial economy and comity support the remand of her other state law claims as well.").

Finally, permitting defendant to remove this action under § 1441(a) in anticipation of a remand of the nonremovable workers' compensation claim would be tantamount to permitting piecemeal removal in diversity cases, which Congress has prohibited. Congress first provided for removal of diversity actions in the Judiciary Act of 1789, Ch. 20, 1 Stat. 73 (1789).  As early as 1836, Justice Story held that the statute required removal of an entire action.  Smith v. Rines, 22 F. Cas. 639, 644 (C.C.D. Mass. 1836) (No. 13,100).  Plaintiffs subsequently took advantage of liberal joinder rules in state courts to prevent removal of actions by the simple device of adding to an otherwise removable

---

[11]  At least one case suggests that a plaintiff waives her choice-of-forum privilege by joining another state law claim to a claim made nonremovable under § 1445.  See Emery v. Chi., B. & Q.R. Co., 119 F. Supp. 654, 657 (S.D. Iowa 1954). However, that case turned on § 1441(c), not § 1441(a).

action an unrelated claim outside the original jurisdiction of the district courts.  Congress responded by passing the Separable Controversy Act in 1866, permitting nonresident defendants to remove part of an action that was separable from the rest.  Ch. 288, 14 Stat. 306 (1866).  Piecemeal removal under the Separable Controversy Act led to "[m]uch confusion and embarrassment, as well as increase in the cost of litigation."  Barney v. Latham, 103 U.S. 205, 213 (1881).  In response, Congress amended the removal statutes to authorize removal of entire suits that contained a separable controversy between citizens of different states.  Ch. 137, 18 Stat. 470 (1875).  Nonetheless, lower courts continued to condone piecemeal removal when a claim was "separate" as opposed to "separable."  See Edward Hartnett, A New Trick from an Old and Abused Dog: Section 1441(c) Lives and Now Permits the Remand of Federal Question Cases, 63 Fordham L. Rev. 1099, 1121-29 (1995).  In 1948, Congress put an end to this practice by adopting 28 U.S.C. § 1441(c), which required a removable "separate and independent claim or cause of action" for removal of a case containing nonremovable claims.  Ch. 646, 62 Stat. 869, 938 (1948) (codified as amended at 28 U.S.C. § 1441(c)).  "[B]y providing for removal of the entire case based on the presence of a separate removable claim, the revisers . . . repudiate[d] the notion of piecemeal removal."  Hartnett, supra, at 1132.[12]

---

[12]   The current version of § 1441(c) provides that, following removal of a case in which a federal question claim is joined with otherwise nonremovable state law claims, the district

For all these reasons, I conclude that plaintiff's claim under the Workers' Compensation Act prevented removal of the entire action, even though this Court would have had jurisdiction over the action based on diversity of citizenship if it had been filed here initially.[13]

---

court may determine all the issues or, in its discretion, remand matters in which state law predominates.  Such a partial remand has the same splitting effect as piecemeal removal.  However, this can occur only in federal question cases and only when the state law claim is so unrelated to the federal claim that keeping the claims together is not justified by considerations of efficiency and fairness.

[13]  A complicated question, not presented here, is whether § 1445(c) prevents removal of an action when a workers' compensation claim is joined with related federal law claims. It is not uncommon for plaintiffs to plead workers' compensation claims along with related claims under federal statutes prohibiting discrimination in employment.  Faced with this type of action, some courts have remanded the workers' compensation claim only, retaining jurisdiction over the federal claim.  See, e.g., Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1119 (5th Cir. 1998) (district court erred by failing to sever workers' compensation claim from ADEA claim); Hummel, 749 F. Supp. at 1030 (retaining jurisdiction over federal question claims joined to a nonremovable workers' compensation claim, even though they were not "separate and independent" under § 1441(c), but remanding the workers' compensation claim and other state law claims).  Though this results in splitting the action, Congress probably did not anticipate workers' compensation claims being joined with related federal law claims when it enacted § 1445(c).  See S. Rep. No. 85-1830 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3106 ("No Federal question is involved and no law of the United States is involved in these cases.").  And federal courts are naturally expected to exercise jurisdiction over actions arising under federal antidiscrimination laws, which were enacted after § 1445(c).  On the other hand, the language of §§ 1441(a) and 1445(c) draws no distinction between federal question cases and diversity cases.  See Spearman, 16 F.3d at 724 ("Even a case containing a federal claim may not be removed if it also arises under state workers' compensation law."); Hartnett, supra, at 1151 (observing that § 1445 prohibits the removal of cases containing claims under the Federal Employer's Liability Act and related federal law claims).  And applying sections 1441(a) and 1445(c) to block removal of actions containing workers'

Conclusion

Accordingly, plaintiff's motion to remand [Doc. #18] is hereby granted, and her motion to remand nunc pro tunc [Doc. #17] is denied as moot.  The Clerk will remand this entire action to Connecticut Superior Court.  Any motion for an award of fees and expenses pursuant to 28 U.S.C. § 1447(c) must be filed and served on or before December 16, 2005.[14]

So ordered.

Dated at Hartford, Connecticut this 21st day of November 2005.

_____/s/_____
Robert N. Chatigny
United States District Judge

compensation claims and related federal question claims would serve the overall purposes of § 1445(c) by preserving the choice-of-forum privilege it provides to plaintiffs who want to be in state court and by reducing the number of cases removed to federal court by local (albeit "nonresident") employers.

[14]  This deadline is established for housekeeping purposes only in the event plaintiff decides to file a motion.  I intimate no view on whether a motion should or should not be filed or whether a discretionary award of fees and expenses would or would not be appropriate in this case.